# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:05CV444-MU

| | |
|---|---|
| THOMAS E. GUST, et al., )<br>        Plaintiffs, )<br>)<br>v. )<br>)    **ORDER**<br>E. NORRIS TOLSON, et al., )<br>        Defendants. )<br>) | |

**THIS MATTER** is before the Court upon separate Motions to Dismiss filed by Defendant Cahn Le and the remaining Defendants. After reviewing the record and the briefs in the matter, including an abundance of Response Briefs by Plaintiffs that exceeded the number of motions filed, it appears that the Court lacks jurisdiction over the state defendants, and that the Plaintiff has failed to state a claim upon which relief can be granted as to Defendant Le. Defendants' Motions are **GRANTED**.

Defendants in this case consist of a number of North Carolina Department of Revenue ("NCDR") officials ("the state defendants"), and a single employee of United Airways, Inc. ("Le"). Plaintiffs seek damages for alleged deprivation of their procedural Due Process rights when the state defendants failed to properly notice them of unpaid taxes and failed to give them timely hearings on those notices.[1] Plaintiffs assert similar claims against Le, a Payroll Analyst for Plaintiffs' employer, United Airways, for garnishing their wages in accordance with the state's Notice of Garnishment

---

[1] Defendants offer ample evidence that Plaintiffs' allegations may in fact be false, but the Court will not consider that evidence on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Though the Court may look outside the pleadings on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1), it is unnecessary to do so here, as the pleadings are sufficient to grant Defendants' motion.

entered pursuant to the alleged due process deficiencies. The state defendants now move to dismiss the complaint for lack of jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure and for failure to state a claim upon which relief can be granted under Rule 12(b)(6). Le moves for dismissal of the complaint against him under Rule 12(b)(6).

**I. The Court Lacks Jurisdiction Over Claims Against the State Defendants**

It is well established that "taxpayers are barred by principles of comity from asserting actions against the validity of state tax systems brought in federal court," so long as the state's remedies for taxation issues are "plain, adequate, and complete." Fair Assessment in Real Estate Ass'n v. McNary, 454 U.S. 100, 115 (1981). Plaintiffs wisely do not dispute that North Carolina's tax system meets these standards. Instead, Plaintiffs seek to circumvent the jurisdictional rules by phrasing their action as being not against the state, but against the officials involved in their individual capacities, for taking allegedly "ultra vires" activities that did not comport with state law.

The Tenth Circuit faced a similar assertion recently in Heuser v. San Juan County Board of County Commissioners. 162 Fed. Appx. 807 (10th Cir. 2006). In Heuser, property owners brought suit under 42 U.S.C. § 1983 against county tax assessors in their individual capacities for reclassifying the tax status of the plaintiffs' property. The Court swiftly cast aside the notion that because an action is phrased as a claim against state officials in their individual capacities, McNary does not apply. Instead, the Court stated, "the relevant inquiry is whether [the plaintiffs] had a plain, adequate, and complete remedy under state law to correct an erroneous decision and *raise any violations of their federal rights*." Id. at 809 (emphasis added). This is especially true where, as here, the suit is clearly aimed at the state government rather than the named officials, a conclusion that is underscored by the Plaintiffs' frequent use of "the state" and "the North Carolina Department of Revenue" interchangeably with "the Defendants" in its briefs. As the Tenth Circuit recognized, the

McNary rule would be meaningless if taxpayers could circumvent it simply by phrasing the action as against state officials in their individual capacities. Though Heuser rested on Tenth Circuit precedent, identical precedent exists in the Fourth Circuit. See Lawyer v. Hilton Head Public Service Dist. No. 1, 220 F.3d 298, 302 (4th Cir. 2000) (stating that principles of comity prevent federal actions for damages under § 1983 in tax cases). Thus, this Court adopts the reasoning of the Heuser court and holds that so long as "plain, adequate and complete" state level remedies exist for the complained of deprivations, a federal court is jurisdictionally barred from hearing a case challenging the administration of a state tax system, even when the challenge is posed as a claim against state officers in their individual, rather than official, capacities. As North Carolina's state remedies are undisputedly "plain, adequate, and complete," this Court lacks jurisdiction to hear Plaintiffs' claims against the state defendants.

### II- Plaintiffs Fail to State a Claim Against Defendant Le

"A motion to dismiss under [Fed. R. Civ. P. 12(b)(6)] tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1993) *citing* 5A C. Wright & A. Miller, Fed. Practice and Procedure § 1356 (1990). "A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of [the subject] claim." McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 328 (4th Cir. 1996) (*en banc*) (citations omitted). Though the jurisdictional rule of McNary does not extend to private actors, Plaintiffs still cannot make out a claim against Defendant Le.

Here, Le simply complied with the facially valid Notice of Garnishment issued by NCDR, as required of him by North Carolina law. North Carolina makes clear that the garnishee (in this case,

Le) *must* comply with a notice of garnishment, and by doing so, his liability to the taxpayer is extinguished. N.C. Gen. Stat. Ann. § 105-242(b) (West, Westlaw through July, 2003 amendments). There is no requirement, either by statute or by the Constitution, that employers investigate the legality of a state notice of garnishment, then, based solely on their own opinion of that legality, decide to obey or disobey the notice, subjecting themselves to potential criminal liability in the process. It is patently absurd to expect an employer to undertake this responsibility, and even more absurd to force it on an individual employee, as Plaintiffs here would have it. As § 105-242(b) specifically shields Le from liability, Plaintiffs' claims against Le must be dismissed.

**IT IS THEREFORE ORDERED** that Plaintiffs' claims against Defendant Le are **DISMISSED** with prejudice. Plaintiffs' claims against the remaining Defendants are **DISMISSED**, with leave to refile in the appropriate state venue.

Signed: May 4, 2006

Graham C. Mullen
United States District Judge